# ATTACHMENT

# A

*Redacted Docket Materials*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE EMAIL ACCOUNT(S) SERVICED BY GOOGLE LLC FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 793</td><td>SC No. 24-sc-366<br><br>**Filed Under Seal**</td></tr>
</table>

*Reference:*   *USAO Ref. #* ▮▮▮▮▮▮   *Subject Account(s):* ▮▮▮▮▮▮▮▮

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require GOOGLE LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Mountain View, CA, to disclose certain records and other information pertaining to the PROVIDER account(s) associated with account ▮▮▮▮▮▮▮▮ as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND AND JURISDICTION**

1.      PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.      This Court has jurisdiction to issue the requested Order because it is "a court of

competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(d). Specifically, the

Court is a "district court of the United States . . . that – has jurisdiction over the offense being

investigated." 18 U.S.C. § 2711(3)(A)(i).

3.      As discussed more fully below, acts or omissions in furtherance of the offenses

under investigation occurred within Washington, DC. *See* 18 U.S.C. § 3237.

4.      A court order under section 2703(d) "shall issue only if the governmental entity

offers specific and articulable facts showing that there are reasonable grounds to believe that . . .

the records or other information sought . . . are relevant and material to an ongoing criminal

investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth

specific and articulable facts showing that there are reasonable grounds to believe that the records

and other information described in Part II of Attachment A are relevant and material to an ongoing

criminal investigation.

## RELEVANT FACTS

5.      The United States is investigating the possible transmission or delivering of

national defense information and the possible disclosure of classified information to ██████████

███████████████████████. The investigation concerns possible violations of, *inter alia*,

18 U.S.C. § 793 (Gathering, transmitting or losing defense information), 18 U.S.C. § 794

(Gathering or delivering defense information to aid foreign government), and 18 U.S.C. § 798

(Disclosure of classified information).

6.      The FBI has an active investigation on ██████ █ a ███████ civilian

employee for █████████████████████, located in ████████. █ has been

employed by █████ since ███ ████████████████████████████

████████████████████████. ███████████████████████

████████████████████████████████████████████████████████████████

████████████████████████. ████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████. Based

on information provided by ██████████████████████████ and ██████, ██ is

known to have an active security clearance at the "Secret" level.

     7.     Investigation to date has revealed that ███ had substantial contact (██████

██████████████████████████) with current and former FBI subjects via ████

known ████ email account (██████████████████). 

     8.     ███ is believed to have used ██████████ for work related to ████

██████████████. For example, on or about ██████████, ██████████████

forwarded an email to ████████████████ with the subject line of ████████████

████████████████ The forwarded email was addressed to █████ from ████████ of

████████████████████████████████████████████████████████████████

████████ The email served as a reminder that ████ revision of █████████████

████████████████████████████████████ was due no later

than ██████████. In another example, on or about ██████████, ██████████████

emailed ██████████████ with the subject line of ████████████████████████

████████████████████████████ Also, on or about ██████████,

██████████████ forwarded an email to ████████████████ with a subject line of ████

████████████████████████████ In total, there were over ███ emails between

██████████ and ██████████████. Many of the emails appeared personal in

3

nature however some, such as the above listed examples, appear to have been in furtherance of ███████ work.

9.      ███ is believed to use a second personal email account, ████████████, for work-related email as well. On or about ████████████, ███ sent an email to ████████████████ from ██████ account (████████████████) with a ████████████ and ████████████████████████████; the email included a ████████████████ ██████████████████████ (The FBI assesses this ████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████. On or around ████████████████ ████████████████ sent an email to ███ at ████████████████ with a forwarded message. The original message was from the ████████████████████ and noted that ████████████████████████████████████████████████████████████ ██████████████████████ had been submitted to ███ As such, the FBI believes ███ is the user of ████████████ and has used this email address to facilitate ███ ████████ ████████████ and work for his ███-related research.

10.     The requested order will assist the government in understanding the nature and frequency of ████ contacts with known and unknown individuals associated with ████████ universities and/or the government of the ████ to further the government's investigation into possible violations of the statutes listed above.

## REQUEST FOR ORDER

11.     The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and

locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

12.    The United States further requests that the Order direct PROVIDER not to notify any person, including the subscriber or customer of each account listed in Part I of Attachment A, of the existence of the application of the United States or the Order for **one year** from the date of the Court's Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *See* 18 U.S.C. § 2705(b).[1]

13.    In this case, the proposed Order seeks information relevant to establishing the illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of the United States's ongoing and confidential investigation. Once alerted to this investigation, potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future

---

[1] The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting only non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c). *See* 18 U.S.C. § 2703(c)(1)(B) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection (d) of this section"). Under § 2703(c), the government has no obligation to notify the subscriber. *See* 18 U.S.C. § 2703(c)(3) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity. Notification could also result in the target(s) avoiding travel to the United States or other countries from which they may be extradited.

14.     Therefore, based on the foregoing, there are reasonable grounds to believe that notification of the existence of this Order would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2)-(5).

15.     Given the complex nature of the criminal activity under investigation and likely involvement of foreign-based coconspirators and evidence, and also given that the criminal scheme may be ongoing, the United States anticipates that this confidential investigation will continue for the next year or longer.

16.     Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the proposed Order for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the United States will make best efforts to notify the Court promptly and seek appropriate relief.

17.     In this matter, the United States also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commn'ns, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court

may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the United States has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

<div style="margin-left:40%">

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


 */s/ Jolie F. Zimmerman*
JOLIE F. ZIMMERMAN
D.C. Bar No. 465110
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7220
Jolie.Zimmerman@usdoj.gov

</div>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE EMAIL ACCOUNT(S) SERVICED BY GOOGLE LLC FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 793 | SC No. 24-sc-366 <br><br> **Filed Under Seal** |

**ORDER**

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring GOOGLE LLC ("PROVIDER"), an electronic communication and/or remote computing service provider located in Mountain View, CA to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

one year (commencing on the date of this Order), unless the period of nondisclosure is later

modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise

ordered by the Court, except that the United States may disclose the existence and/or contents of

the Application and this Order to appropriate law enforcement authorities.


Date: _____                              _____
                                                   UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### I.  The Account(s)

The Order applies to certain records and other information for any GOOGLE LLC ("PROVIDER") account(s) associated with the following identifier(s):

- ███████████████

and any preserved data and/or preservation numbers associated therewith.

### II.  Records and other information to be disclosed

#### A.  Information about the customer or subscriber of the Account(s)

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

9.  A statement as to whether the Account(s) or any devices associated with the Account(s) had location services or GPS activated or enabled, and if so, whether PROVIDER does or does not have geolocation records available for the Account(s) or any devices associated with the Account(s) for the time period from account inception to present.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from account inception to present constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1.  Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.  Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3.  Identification of any PROVIDER account(s) that are linked to the Account(s) by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account(s).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF USA FOR 2703(d) ORDER FOR ONE EMAIL ACCOUNT(S) SERVICED BY GOOGLE LLC FOR INVESTIGATION OF VIOLATION OF 18 U.S.C. 793 | SC No. 24-sc-366 <br><br> **Filed Under Seal** |

## ORDER

The United States has submitted an Application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring GOOGLE LLC ("PROVIDER"), an electronic communication and/or remote computing service provider located in Mountain View, CA to disclose the records and other information described in Attachment A to this Order. The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation. Furthermore, the Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2705(b), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of

8

one year (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate law enforcement authorities.

Date:

David A. Baker

Digitally signed by David A. Baker
Date: 2024.02.16 15:51:04 -05'00'

UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### I. The Account(s)

The Order applies to certain records and other information for any GOOGLE LLC ("PROVIDER") account(s) associated with the following identifier(s):

• ███████████████████

and any preserved data and/or preservation numbers associated therewith.

### II. Records and other information to be disclosed

#### A. Information about the customer or subscriber of the Account(s)

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Account(s)") constituting information about the customer or subscriber of the Account(s):

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account(s) by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

9.  A statement as to whether the Account(s) or any devices associated with the Account(s) had location services or GPS activated or enabled, and if so, whether PROVIDER does or does not have geolocation records available for the Account(s) or any devices associated with the Account(s) for the time period from account inception to present.

**B. All records and other information relating to the Account(s) (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account(s) for the time period from account inception to present constituting all records and other information relating to the Account(s) (except the contents of communications), including:

1.  Records of user activity for each connection made to or from the Account(s), including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

2.  Information about each electronic communication sent or received by the Account(s), including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and any other associated header or routing information; and

3.  Identification of any PROVIDER account(s) that are linked to the Account(s) by cookies, including all PROVIDER user IDs that logged into PROVIDER's services by the same machine as the Account(s).