**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

In Re Redacted Stored Communications Act, 18 U.S.C. § 2703(a), (c) & (d), Documents Pursuant to Standing Order No. 22-05 (BAH)

**Case No. 25-sc-9999**

## NOTICE OF FILING REDACTED DOCUMENTS IN RELATION TO 18-sc-01996 UPON CLOSE OF INVESTIGATION

Pursuant to *Matter of Leopold*, D.D.C. Case No. 13-mc-00712, and Standing Order No. 22-05 (BAH), the government provides this Notice of Filing on the unsealed docket of the attached (see Attachment A) "Redacted Docket Materials," in 18-sc-01996, which consist of redacted versions of the following original docket entries:

- Signed Application for Warrant Pursuant to 18 U.S.C. §§ 2703 and 3512

- Signed Warrant

The items listed above constitute all the relevant documents to be unsealed upon the close of this investigation as set out in *Matter of Leopold*, D.D.C. Case No. 13-mc-00712.   In *Matter of Leopold*, D.D.C. Case No. 13-mc-00712, the Court addressed unsealing of several categories of sealed legal process related to closed investigations: "applications for warrants issued pursuant to the Stored Communications Act ('SCA'), 18 U.S.C. § 2703(a), SCA § 2703(d) orders, pen registers and trap and trace ('PR/TT') devices, *see id.* § 3123, and foreign requests for use of these investigative authorities, pursuant to Mutual Legal Assistance Treaties ('MLATs'), *see id.* § 3512(a)(2)(B)–(C), once those matters are closed."   2020 WL 7481037, ECF 69 at *1 (Dec. 17, 2020).   The Court noted that such unsealing could be accomplished by "fil[ing] redacted versions of any documents . . . on a given docket, and then . . . fil[ing] a motion to unseal the case docket

1

indicating the matter is closed and identifying, by filed document number, the unredacted versions of the government-redacted documents to remain under seal." *Id*. at *3; *see also id*. at *5 (contemplating a government "motion to unseal, indicating that a case is closed and signaling to the Clerk's Office to unseal the case," which motion will "identify each docket entry, *i.e.*, ECF number" to be unsealed, and which should remain sealed).[1]

---

[1] In connection with such unsealing, the D.C. Circuit noted that "the government and court must be able to redact documents in order to protect privacy and law enforcement interests," *Matter of Leopold*, 964 F.3d 1121, 1133 (D.C. Cir. 2020). Specifically, the Court "ORDERED that the government redact the following information" from filings to be unsealed:

> (1) individuals' names, except for the name of a judicial officer who has issued an order;
> (2) dates of birth;
> (3) Social Security numbers;
> (4) financial account numbers;
> (5) telephone numbers;
> (6) street addresses;
> (7) email account addresses; and
> (8) any other information that directly or indirectly identifies the target of, or witness, investigator, informant, or other person of interest in, a criminal investigation, and regardless of whether the investigation ultimately resulted in criminal charges or a criminal conviction.

*See Matter of Leopold*, D.D.C. Case No. 13-mc-00712, ECF No. 71, slip op. at *15-*16 (Feb. 9, 2021). In addition, in its *Matter of Leopold* ruling, the D.C. Circuit recognized that sealing – and thus, by extension, redactions could continue to be appropriate to "protect . . . law enforcement interests." 964 F.3d at 1133.

As these documents are hereby filed on the unsealed docket created for purposes of filings pursuant to *Leopold*, the attached redacted documents are now available to the public.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Michael Lyness
NJ Bar Number 908452012
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 300
Washington, D.C.   20530
(202) 616-2999 telephone
(202) 514-0080 facsimile
Michael.Lyness@usdoj.gov

3

# ATTACHMENT

# A

*Redacted Docket Materials*

AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Information associated with ███████████ stored at premises ███████████
controlled by ███████████

Case: 1:18–sc–01996
Assigned To : Meriweather, Robin M.
Assign. Date : 6/4/2018
Description: Search and Seizure Warrant

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A, incorporated herein by reference.

located in the ███████████████████████████ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| See Attached Affidavit in Support of Search Warrant | |

The application is based on these facts:

See Attached Affidavit in Support of Search Warrant

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

███████████████████████████████

Sworn to before me and signed in my presence.

Date: ███████████_____

City and state:  Washington, D.C.

_____
*Judge's signature*

Robin M. Meriweather, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA
PURSUANT TO 18 U.S.C. 3512 FOR
SEARCH OF INFORMATION
ASSOCIATED WITH FOUR
███████████████████ STORED AT
PREMISES CONTROLLED BY
████████████████

Case: 1:18-sc-01996
Assigned To : Meriweather, Robin M.
Assign. Date : 6/4/2018
Description: Search and Seizure Warrant

*Reference: DOJ Ref.* ████████        *Subject Accounts:* ████████
████████████

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, █████████████ being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application for a search warrant for information associated with certain ███████████████████████ ("the accounts") that is stored at premises owned, maintained, controlled, or operated by ██████████ ████████ a ████████ company headquartered at ████████████ ████████ The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), 2703(c)(1)(A), and 3512(a), to require ████████ to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B, using the procedures described in Section III of Attachment B.

2.      The information requested in this search warrant is being sought pursuant to a request for assistance ("the request") from ███████████████████████ ██████ to the United States Department of Justice, dated ███████████████ ███████████ are investigating offenses involving computer intrusion and ███████████ ███████████ in violation of the criminal laws of ███████████████████ ████████████████████████████████ Copies of the applicable laws are appended to this affidavit.

3.      The request is made ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████

4.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since ███████ I am currently assigned to ████████████████████████████ ████████████████████ in Washington, D.C. My current duties include responding to requests from foreign governments pursuant to mutual legal assistance treaties, including serving as the affiant on search warrant affidavits, serving search warrants, and reviewing the data received in response thereto for relevance in compliance with the parameters of the search warrants.

5.      During my employment with the FBI, I have conducted investigations related to ███████████████████████████████████████

2

███████████████████████████ I have experience in the execution of search warrants and the analysis of collected evidence.

6.    The facts set forth in this affidavit are based upon information conveyed to the United States via the request made ████████████ by ████████████████████ and upon my training and experience. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7.    Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of the criminal laws of ████████████ have been committed by ████████████ and other unknown individuals. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

### JURISDICTION

8.    This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512 . . . ." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"), § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

9.    This application to execute the request has been approved and duly authorized by an appropriate official of the Department of Justice, through the Office of International Affairs

3

("OIA").[1] *See* 18 U.S.C. § 3512(a). An OIA attorney has reviewed the request, confirmed that it was submitted by ██████████████████████ in connection with a criminal investigation and/or prosecution, and authorized the undersigned to file this application.

## PROBABLE CAUSE

10. ████████████ are investigating ████ and others for computer intrusion and threat offenses. At least between ████████ and ████████████ together with other known and unknown individuals associated with ████████████████████ is believed to have been involved in at least twelve distributed denial of service ("DDoS") or "SQL injection" attacks against websites associated with ████████████████ ████████████████████████ is suspected to have used at least the



████████████ to post information about these attacks and to incite other ████████ to launch their own attacks. Through these ████████ published promises of remuneration for those who engaged in such attacks, as well as links to malware needed to launch an attack and instructions for novices on how to conduct successful attacks.

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B (2015).

11. ▮▮▮▮▮ first began investigating ▮▮ after a newspaper reporter notified authorities on ▮▮▮▮▮ that an individual had authored a post on ▮▮▮▮▮ ▮▮▮▮▮ encouraging individuals to participate in cyberattacks against the website of ▮▮▮▮▮ On the same day, an individual hacked the ▮▮▮▮▮ website and rendered the site partly inoperable; on ▮▮▮▮ the ▮▮▮▮▮ as well as the ▮▮▮▮▮ claimed credit for the attack.

12. Contemporaneously, a representative of ▮▮▮▮▮ informed authorities that its website had been regularly averting attacks since ▮▮▮▮▮ and that on ▮▮▮▮▮ the company was contacted by the ▮▮▮▮ and ▮▮▮▮▮ on ▮▮▮▮ Both ▮▮▮ demanded that the ▮▮▮ publish information that the attacks against the ▮▮ website had been organized by the hacker groups ▮▮▮▮▮ The ▮▮▮ ▮▮▮▮▮ also threatened the ▮▮▮ that they would launch a DDoS attack against it if the ▮▮ did not publish the statement. No statement was published, and on ▮▮▮▮▮ ▮▮▮ launched a DDoS attack on the ▮▮ website. On ▮▮▮▮▮ then used the ▮▮▮▮▮ to send a message to ▮▮ employees claiming responsibility for the attacks and providing evidence of this by showing portions of data stolen from the ▮▮ server. The ▮▮▮▮▮ simultaneously posted information about the malware attacks against the ▮▮ as well as information about how to become involved in future attacks.

13. Between ▮▮▮▮ and ▮▮▮▮▮ launched a DDoS attack on ▮▮▮▮ ▮▮▮▮▮ which is operated by ▮▮▮▮▮ ▮▮▮▮▮ Prior to ▮▮▮ the website had been the subject of multiple attempted attacks that the private company had been able to avert. On ▮▮▮▮▮ the ▮▮▮▮▮ posted a

message on the private company's ▮▮▮▮▮▮ which said ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

14. Subsequently, on ▮▮▮▮▮▮▮ launched a successful attack on the website owned by a ▮▮▮▮▮▮ from ▮▮▮▮▮▮▮▮ was able to delete the website's original content and replaced it with pornographic content and the following claim:



15. Based on records provided by ▮▮ internet service providers, ▮▮ ▮▮▮▮▮ were able to trace the Internet Protocol ("IP") address used in this attack to ▮▮▮▮ residence. ▮▮▮▮▮▮▮ set up court-ordered electronic surveillance on the IP address used at ▮▮▮ residence, which allowed them to verify that numerous DDoS and SQL injection attacks were launched from his residence, successfully linking the IP address to at least eleven similar attacks between ▮▮▮▮▮ and ▮▮▮▮▮▮▮ also voluntarily provided subscriber information for the ▮▮▮▮▮ to ▮▮▮▮▮ including login IP addresses. Using that information, ▮▮▮▮▮▮ were similarly able to link logins to the ▮▮▮▮▮ to ▮▮▮ residence.

16. Authorities then obtained a court-ordered wiretap of ▮▮▮▮ phone and electronic surveillance of ▮▮▮▮▮ e-mail account, which had been used to register the ▮▮▮▮▮▮▮▮ captured a phone conversations between ▮▮▮ and two women who agreed to pay ▮▮▮▮▮▮▮▮ to conduct an attack on a specific website. In the conversations with these individuals, ▮▮▮ bragged that he had successfully hacked ▮▮▮ the websites of two ▮▮▮▮▮▮ and uploaded



pornographic material to the website of a ███████████ He also stated that he was going to quit working with ██████████ and strike out on his own.

17.    Authorities also began monitoring the publicly available portions of the ███████ ██████ where they found posts regarding successful and attempted attacks against the ████ and ████████████████████ websites. Authorities continued to monitor the ████████████ throughout the investigation and determined that the ████████████ routinely published posts informing the public of the attacks referenced above, as well as attacks against international financial institutions, of which ████████████ were previously unaware. In fact, at least as early as ████████████ the ████████████ had already posted information that one of the fans of ████████ was █████████████████████████████ That post was accompanied by photos of ████████████ The ████████████ commented that he ████████████ such a radical solution and asked readers for their thoughts.

18.    In addition to these prominent website attacks, ████████ also published comments that appear intended to sew fear of a potential terrorist attack in ████████████ On ████████ ████████ used the ████████████ to publish a post asking why ████████████ ████████████████████ had not informed the public that ████████████ was planning bomb attacks in ████ or ████████ On ████████████ used the ████████████ to post on the █████████████████████████ a video that declared to the public that there was a ████████ percent probability of a terrorist attack in ████████████ at ████████████ █████████████████ The author claimed such information was being kept secret from the public by the government. This was not supported by any objective information, but instead relied on the reputation of the ███████████████████████████████████ as hackers with access to secret information to spread this false information.

19. The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ also repeatedly solicited users to launch their own attacks against ▮▮▮▮▮▮▮ and their affiliates. The publicly viewable calls to action were published as text posts and ▮▮▮▮▮▮-styled videos and contained promises of financial remuneration to be provided by an unidentified foreign entity. For example, on ▮▮▮▮▮▮▮▮ used ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to post a message soliciting other users interested in conducting similar attacks to contact him in the comments to his post, and he would in turn send them a link to download ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ On ▮▮▮▮▮▮▮▮ posted a similar call on the ▮▮▮▮▮▮▮▮▮▮▮▮ advertising the availability of a malware program named ▮▮▮▮▮▮▮ police posed as ▮▮▮▮ users interested in obtaining the malware offered by ▮▮▮ through the ▮▮▮▮▮▮ As promised by his ▮▮▮▮▮ posts, ▮▮▮ sent the undercover police links to working, operational malware from the ▮▮▮▮▮▮

20. Police simultaneously identified the ▮▮▮▮▮▮ as one likely being operated by ▮▮▮ Publicly viewable posts showed general postings on the activities of ▮▮▮▮▮▮ from at least ▮▮▮▮▮▮ On ▮▮▮▮▮▮ the ▮▮▮▮▮▮ published photographs of ▮▮▮▮ ▮▮▮▮ with an accompanying threat to publish additional personal details and a declaration that the photographs had been obtained by hacking another person's computer system. Simultaneously, the ▮▮▮▮▮▮▮▮▮▮▮ also published demands that ▮▮▮ cancel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ together with photographs of ▮▮▮▮▮ and threats to publish his personal e-mail communication if he did not comply with the demand. ▮▮▮ was arrested on ▮▮▮▮▮▮ but was subsequently released on his own recognizance on ▮▮▮▮▮▮ Following his arrest, new publicly available posts from the ▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮ ceased.

21.    Contemporaneously with the threats published by the ███████

████████████ and ████████████████ learned that the ████████

████████ issued similar threats to publish photographs and personal identifying

information of ████████████ on an erotic website used for prostitution.  The threats

were nearly identical to those posted by ████ using the ████████ and were likewise tied

to demands that ████ cancel ██████████████████████████

████  By viewing publicly available portions of the ████████████████

determined that, like ████ the ████ had previously posted instructions and provided links to

malware for individuals to use in performing their own DDoS or SQL injection attacks,

including an instructional video on ████████ The ██████████████ was

originally associated with ████████████ however, on ████████

████ blocked the account. The same day, the ████ was resurrected with the same name

and the new ████████████ Publicly viewable posts dating from ████████

████ show that the ████ continued to post claims of successful hacks conducted under the

umbrella of ████ at least until ██████████ These included a ████████

attack against ████████████████

22.    Based on information from a witness whose identity cannot be released under

████ law due to the fact that the witness is a minor, police determined that the individual

behind the ████████████ was an individual named ████████████

Authorities were first alerted to ████ after ████ filed the criminal complaint for blackmail

and turned over to police printouts of threatening posts by the above-referenced ████████

████████ was arrested and questioned on ████████████ and admitted to using the

████████████

9

23. Based on the investigation, ▮▮▮▮▮ believe that ▮▮▮ coordinated with ▮▮▮ and others affiliated with ▮▮▮▮ to incite and perpetrate malware attacks throughout ▮▮▮▮▮▮▮▮ are now seeking subscriber, transactional, and content records from ▮▮▮ for the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ to establish the scope of ▮▮▮ and ▮▮▮ criminal activities and identify their accomplices and co-conspirators.

## BACKGROUND CONCERNING ▮▮▮▮



24. ▮▮▮ owns and operates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25. ▮▮▮ asks users to provide basic contact and personal identifying information to ▮▮▮ either during the registration process or thereafter. This information may include the user's full name, birth date, gender, contact e-mail addresses, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



27.

28.

29.

30.

31.

32.

33.



34.

35.

36.

37. ▮▮▮▮ also retains IP logs for a given ▮▮▮▮ IP address. These logs may contain information about the actions taken by the ▮▮▮▮ IP address on ▮▮▮▮ including information about the type of action, the date and time of the action, and the ▮▮▮▮ IP address associated with the action. For example, ▮▮▮▮

38. ▮▮▮▮ providers like ▮▮▮▮ typically retain additional information about their users' accounts, such as information about the length of service (including start date), the types of service utilized, and the means and source of any payments associated with the service (including any credit card or bank account number). In some cases, ▮▮▮▮ users may communicate directly with ▮▮▮▮ about issues relating to their accounts, such as technical problems, billing inquiries, or complaints from other users. ▮▮▮▮ providers like

13

█████ typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

39.    As explained herein, information stored in connection with a █████ account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, a █████ user's IP log, stored electronic communications, and other data retained by █████ can indicate who has used or controlled the █████ account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, ████████████████████████████████████ █████ (and the data associated with the foregoing, such as date and time) may be evidence of who used or controlled the █████ account at a relevant time. Further, █████ account activity can show how and when the account was accessed or used. For example, as described herein, █████ logs the Internet Protocol (IP) addresses from which users access their accounts along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation. Such information allows investigators to understand the geographic and chronological context of █████ access, use, and events relating to the crime under investigation. Additionally, ████████ ████████████████████████████████████ ██████████████████████████ This geographic and timeline information may tend to either inculpate or exculpate the █████ account owner. Last, █████ account

14

activity may provide relevant insight into the ███████ account owner's state of mind as it relates to the offense under investigation. For example, information on the ███████ account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

40. Therefore, the computers of ███████ are likely to contain all the material described above, including stored electronic communications and information concerning subscribers and their use of ███████ such as account access information, transaction information, and other account information.

## CONCLUSION

41. Based on the forgoing, I request that the Court issue the proposed search warrant.

42. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

43. Because the warrant will be served on ███████ who will then compile the requested records and information at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,



Federal Bureau of Investigation

JUN -4 2018

Subscribed and sworn to before me on _____, 201___

UNITED STATES MAGISTRATE JUDGE

ROBIN M. MERIWEATHER
U.S. MAGISTRATE JUDGE

15

## Annex

**Relevant Provisions** █████████████████████████████



AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information associated with<br>████████████████████████<br>stored at premises controlled by ████████ | Case: 1:18-sc-01996<br>Assigned To : Meriweather, Robin M.<br>Assign. Date : 6/4/2018<br>Description: Search and Seizure Warrant |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ███████████████████████████████████████████
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____JUN 1 8 2018_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Robin M. Meriweather, United States Magistrate Judge   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   _JUN -4 2018 @3:15 pm_                    _____
                                                                          *Judge's signature*

City and state:      Washington, D.C.                    Robin M. Meriweather, United States Magistrate Judge
                                                                          *Printed name and title*

**ATTACHMENT A**
**Property to Be Searched**

This warrant applies to information associated with the ███████ accounts associated

with ███████████████████████████████████████████████████████

███████████████ that is stored at premises owned, maintained, controlled, or operated by

███████████ a company headquartered at ████████████████████████████████

**ATTACHMENT B**

**Particular Things to be Seized and Procedures
to Facilitate Execution of the Warrant**

I.      **Information to be disclosed by** ▮▮▮▮▮▮▮▮ **(the "Provider") to facilitate
execution of the warrant**

To the extent that the information described in Attachment A is within the possession,

custody, or control of the Provider, including any messages, records, files, logs, or other

information that have been deleted but is still available to the Provider, or has been preserved

pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the

following information to the government for the accounts listed in Attachment A (the

"Accounts"), specifically, for the accounts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮ for the period from ▮▮▮▮▮▮▮ to and including ▮▮▮▮▮▮ and

for the account ▮▮▮▮▮▮ for the period from ▮▮▮▮▮▮ to and including

▮▮▮▮▮▮

(a)     The contents of any available messages or other communication associated with

the Account (including, but not limited to, ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮ or communications of any kind sent to and from the Account,

including stored or preserved copies thereof), the source and destination addresses

and all IP addresses associated with each message or other communication, the

date and time at which each message or other communication was sent, and the

size and length of each message or other communication;

(b) ██████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████

(c)    All records or other information regarding the identification of the Account, to

include full name, physical address, telephone numbers, birthdate, ████████

██████████████ and other personal identifying information, records of

session times and durations, the date on which the Account was created, the

length of service, types of services utilized by the Account, the IP address used to

register the Account, log-in IP addresses associated with session times and dates,

account status, alternative e-mail addresses provided during registration, methods

of connecting, log files, and means and source of payment (including any credit or

bank account number), and any account(s) linked by machine cookies (meaning

████████████████████████████████████████

██████████

(d)    All records or other information, including ████████████████████

██████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████

(e)    All ████████████████████████ and

2

(f)     All records pertaining to communications between the Provider and any person regarding the Account, including contacts with support services and records of actions taken for the period.

The Provider shall deliver the information set forth above via United States mail or courier to: ███████████████████████ Federal Bureau of Investigation, J. Edgar Hoover Building, ███████████████ 935 Pennsylvania Avenue, NW, Washington D.C. 20535-0001 or e-mail to ████████████████

3

**II.    Information to be seized by the government**

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of computer intrusion and threat offenses in violation of the criminal laws of █████████████████████████████████████████████████ █████████████ including, for each account or identifier listed on Attachment A (the "Account"), information pertaining to the following matters:

(a) █████████████████████████████████████████████ or any other communications involving the Account regarding the activity described above, including, but not limited to, any communication regarding the hacking or intrusion by any means of any computer system, any communication regarding the distribution or solicitation of malware or other tools that could be used to accomplish any of the criminal activity described above, and any communication regarding ██████████████████

(b) Evidence indicating how and when the Account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Account owner;

(c) The identity of the person(s) who created or used the ████████████ including records that help reveal the whereabouts of such person(s); and

(d) Identification of coconspirators, accomplices, and aiders and abettors in the commission of the above offenses.

4

### III.    Government procedures for warrant execution

The United States government will conduct a search of the information produced by the Provider and determine which information is within the scope of the information to be seized specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States and shared with appropriate foreign authorities.

Law enforcement personnel will then seal any information from the Provider that does not fall within the scope of Section II and will not further review the information absent an order of the Court.

5