**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>In Re Redacted Stored Communications Act, 18 U.S.C. § 2703(a), (c) & (d), Documents Pursuant to Standing Order No. 22-05 (BAH)</td><td>**Case No. 25-sc-9999**</td></tr>
</table>

## NOTICE OF FILING REDACTED DOCUMENTS IN RELATION TO 18-sc-01007 UPON CLOSE OF INVESTIGATION

Pursuant to *Matter of Leopold*, D.D.C. Case No. 13-mc-00712, and Standing Order No. 22-05 (BAH), the government provides this Notice of Filing on the unsealed docket of the attached (see Attachment A) "Redacted Docket Materials," in 18-sc-01007, which consist of redacted versions of the following original docket entries:

- Signed Application for Warrant Pursuant to 18 U.S.C. §§ 2703 and 3512

- Signed Warrant

The items listed above constitute all the relevant documents to be unsealed upon the close of this investigation as set out in *Matter of Leopold*, D.D.C. Case No. 13-mc-00712. In *Matter of Leopold*, D.D.C. Case No. 13-mc-00712, the Court addressed unsealing of several categories of sealed legal process related to closed investigations: "applications for warrants issued pursuant to the Stored Communications Act ('SCA'), 18 U.S.C. § 2703(a), SCA § 2703(d) orders, pen registers and trap and trace ('PR/TT') devices, *see id.* § 3123, and foreign requests for use of these investigative authorities, pursuant to Mutual Legal Assistance Treaties ('MLATs'), *see id.* § 3512(a)(2)(B)–(C), once those matters are closed." 2020 WL 7481037, ECF 69 at *1 (Dec. 17, 2020). The Court noted that such unsealing could be accomplished by "fil[ing] redacted versions of any documents . . . on a given docket, and then . . . fil[ing] a motion to unseal the case docket

1

indicating the matter is closed and identifying, by filed document number, the unredacted versions of the government-redacted documents to remain under seal." *Id*. at *3; *see also id*. at *5 (contemplating a government "motion to unseal, indicating that a case is closed and signaling to the Clerk's Office to unseal the case," which motion will "identify each docket entry, *i.e.*, ECF number" to be unsealed, and which should remain sealed).[1]

---

[1] In connection with such unsealing, the D.C. Circuit noted that "the government and court must be able to redact documents in order to protect privacy and law enforcement interests," *Matter of Leopold*, 964 F.3d 1121, 1133 (D.C. Cir. 2020). Specifically, the Court "ORDERED that the government redact the following information" from filings to be unsealed:

> (1) individuals' names, except for the name of a judicial officer who has issued an order;
> (2) dates of birth;
> (3) Social Security numbers;
> (4) financial account numbers;
> (5) telephone numbers;
> (6) street addresses;
> (7) email account addresses; and
> (8) any other information that directly or indirectly identifies the target of, or witness, investigator, informant, or other person of interest in, a criminal investigation, and regardless of whether the investigation ultimately resulted in criminal charges or a criminal conviction.

*See Matter of Leopold*, D.D.C. Case No. 13-mc-00712, ECF No. 71, slip op. at *15-*16 (Feb. 9, 2021). In addition, in its *Matter of Leopold* ruling, the D.C. Circuit recognized that sealing – and thus, by extension, redactions could continue to be appropriate to "protect . . . law enforcement interests." 964 F.3d at 1133.

As these documents are hereby filed on the unsealed docket created for purposes of filings pursuant to *Leopold*, the attached redacted documents are now available to the public.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Michael Lyness
NJ Bar Number 908452012
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 300
Washington, D.C.   20530
(202) 616-2999 telephone
(202) 514-0080 facsimile
Michael.Lyness@usdoj.gov

3

# ATTACHMENT

# A

*Redacted Docket Materials*

AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

Information Associated with the ▓▓▓▓▓ account associated with ▓▓▓▓▓▓▓▓▓ that is stored at premises controlled by

)
)
)
)
)
)

Case: 1:18-sc-01007
Assigned To : Magistrate Judge Robinson, Deborah A.
Assign. Date : 4/4/2018
Description: Search and Seizure Warrant

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| See Attached Affidavit in Support of Search Warrant | |

The application is based on these facts:

See Attached Affidavit in Support of Search Warrant

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: ▓▓▓▓ ) is requested under 18 U.S.C. § 3103a, the basis of which is set fo ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

*Printed name and title*

Sworn to before me and signed in my presence.

Date: APR 04 2018

City and state: Washington, D.C.

*Judge's signature*

Deborah A. Robinson, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
███████████████ ASSOCIATED
WITH ██████████████████ THAT
IS STORED AT PREMISES CONTROLLED
BY ████████████████

Case: 1:18-sc-01007
Assigned To : Magistrate Judge Robinson, Deborah A.
Assign. Date : 4/4/2018
Description: Search and Seizure Warrant

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ████████████ being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for information associated with a certain ████████████ ("the account") that is stored at premises owned, maintained, controlled, or operated by ████████████████████████ company headquartered at ████████████████████████ The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), 2703(c)(1)(A), and 3512(a), to require ████████ to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B, using the procedures described in Section III of Attachment B.

2.      The information requested in this search warrant is being sought pursuant to a request for assistance ("the request") from ████████████████████████ ████████ to the United States Department of Justice, dated ████████████████

████████████████ are investigating offenses involving child endangerment and sexual duress offenses in violation of the criminal laws of ████████████████████████████████ ████████████████████████████████ Copies of the applicable laws are appended to this affidavit.

3.    The request is made ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████

4.    I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since ████ I am currently assigned to ████████████████████████████ ██████████████ in Washington, D.C. My current duties include responding to requests from foreign governments pursuant to mutual legal assistance treaties, including serving as the affiant on search warrant affidavits, serving search warrants, and reviewing the data received in response thereto for relevance in compliance with the parameters of the search warrants.

5.    During my employment with the FBI, I have conducted investigations related to ████████████████████████████████████████

████████████ I have also worked on numerous criminal and ██████████████ investigations. I have experience in the execution of search warrants and the analysis of collected evidence. Additionally, I have received training in the operation of computers and the

2

collection and handling of digital evidence. I have been trained by the FBI as ███████████ ███████████████████ and received specialized training in ███████████ ████████████████████████

6.     The facts set forth in this affidavit are based upon information conveyed to the United States via the request made ███████████████ by ████████████████████ and upon my training and experience. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7.     Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of the criminal laws of ███████████ have been committed by ███████████ There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## JURISDICTION

8.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512 . . . ." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"), § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3

9.      This application to execute the request has been approved and duly authorized by an appropriate official of the Department of Justice, through the Office of International Affairs ("OIA").[1] *See* 18 U.S.C. § 3512(a). An OIA attorney has reviewed the request, confirmed that it was submitted by ███████████████████████ in connection with a criminal investigation and/or prosecution, and authorized the undersigned to file this application.

## PROBABLE CAUSE

10.      ███████████████████████ are investigating ███████████████████ for child endangerment and sexual duress offenses, which occurred at least between ███████████ and ███████████

11.      Specifically, on ███████████████ used the ███████ account associated with ███████████████████████████████████ to contact a then ████ year-old minor ███████████ told ██ that he had seen ██ in ███████████████████ and they began chatting via ███████ During the course of this initial conversation, ██ informed ██ that ██ was ████ years old. ██████ who was then ████ years old, began asking ██ to send him photos of ████ first typical, fully clothed photos; later photos of ████████████████ and eventually nude photos. According to a later statement by ██████ believed ██ sent approximately ████ such photos to ████ before deleting them and the corresponding messages from ███████████ account. ██████ also sent ██ photos of ███████████

12.      In his ████████ messages, ██████ also convinced ██ to meet him in person, offering to date ██ if ██████████████████████████████ According to ████

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B (2015).

between ▮▮▮▮▮ and ▮▮▮▮▮▮ met ▮▮▮▮▮▮▮▮▮ On each occasion, ▮▮▮ would request that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which ▮ did. ▮ also stated that in one instance they ▮▮▮▮▮▮▮▮▮▮▮▮▮ told ▮ he wanted to ▮▮▮▮▮▮▮▮▮▮▮▮▮ but ▮ refused. These interactions on ▮▮▮▮ and in-person continued until ▮▮▮▮▮▮ when ▮▮▮ sent ▮ a ▮▮▮▮▮ message saying ▮▮▮▮ and blocked ▮ from contacting him again.

13.     Sometime thereafter, ▮ learned from ▮▮▮▮▮▮▮ that ▮ had filmed ▮▮▮▮▮▮ and shared it with others. During ▮▮▮▮▮▮ began ▮▮▮▮▮ and, in ▮▮▮▮▮ was treated at a children's hospital. At the time, ▮ had not disclosed the details of ▮ contacts with ▮▮▮ and psychologists attributed ▮ behavior to general difficulties at school and with ▮▮▮▮.

14.     On ▮▮▮▮▮▮ re-initiated contact with ▮ from the same ▮▮▮▮ account he had used before. Over the next ▮▮▮▮▮▮ repeatedly messaged ▮ on ▮▮▮▮ demanding that they continue their sexual relationship ▮▮▮▮▮▮ In these messages, ▮▮▮ revealed that he had published the video he had recorded ▮▮▮▮▮ He also threatened ▮ that if ▮ did not send him additional nude photos, he would publish the photos ▮ had provided him ▮▮▮▮▮▮ refused. However, ▮▮▮▮ continued to threaten ▮ via ▮▮▮▮ until ▮▮▮▮ when ▮ blocked him and confided the events to ▮▮▮▮▮▮ filed a criminal complaint the same day.

15.     Based on the criminal complaint and information provided by ▮ and ▮▮▮▮ ▮▮▮▮▮ obtained subscriber information for ▮▮▮▮▮ account, which they used to identify ▮▮▮ On ▮▮▮▮▮▮▮ obtained a search warrant for ▮▮▮ home, pursuant to which they seized his electronic devices. On ▮▮▮▮▮▮

while represented by counsel, ████ was interviewed by authorities. During the interview, ████ admitted to messaging ██ on ██████ with his account associated with ████████ and to exchanging nude photographs with ████████ initially told authorities that it was ███ who had wanted to date him and denied ever having sexual contact with ██ but later admitted that on one occasion, they had ████████ Although ████ admitted to requesting that ███ send him photographs, he denied ever pressuring ███ to do so. He also denied filming or publishing a video and denied that he had engaged in similar conduct with other ██████

16.    At the time of his statement, ████ provided authorities with access credentials for his e-mail account and for two ███████ the one associated with ████████ and used to contact ███ and a second account associated with ██████████ However, authorities could not access the account used to contact ███ because, as ████ explained, ████████ had blocked the account just prior to his interview. This was confirmed by authorities' analysis of ████ e-mail, which evidenced that ████████ had notified ████ that it was ██████████ on ████████

17.    ████████ also determined upon analysis of the second ████████ ██████████████████ that ███ regularly communicated with other minor ███ to solicit and extort nude photos of them and to exchange these photos with his friends. An analysis of ██████ computer revealed a folder labeled ████████ ████ that contained ██ subfolders, each labeled with a ███ name. The folders contained nude photos of minors and one nude video of a minor. Likewise, ████ mobile phone contained nude photos of minors.

18.     ███████████████████████ are now seeking records for ███████████ ████████ associated with ██████████████████ in order to corroborate ████ complaint, identify other victims and individuals aiding or abetting ██████ and determine the full scope of ████████ criminal conduct.

### BACKGROUND CONCERNING ███████████

19.     ████████ owns and operates ██████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████████████
█████████████

20.     ████████ asks users to provide basic contact and personal identifying information to ████████ either during the registration process or thereafter. This information may include the user's full name, birth date, gender, ██████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

21.     ██████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████



22.

23.

24.



25.

26.

27.

28.

29.



30.

31.

32.

33.　█████████████ providers like █████ typically retain additional information about their users' accounts, such as information about the length of service (including start date), the types of service utilized, and the means and source of any payments associated with the service (including any credit card or bank account number). In some cases, █████ users may communicate directly with █████ about issues relating to their accounts, such as technical problems, billing inquiries, or complaints from other users. █████████ providers like █████ typically retain records about such communications, including records of contacts

10

between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

34.    As explained herein, information stored in connection with a ▮▮▮▮ account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, a ▮▮▮▮ user's IP log, stored electronic communications, and other data retained by ▮▮▮▮ can indicate who has used or controlled the ▮▮▮▮ account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ (and the data associated with the foregoing, such as date and time) may be evidence of who used or controlled the ▮▮▮▮ account at a relevant time. Further, ▮▮▮▮ account activity can show how and when the account was accessed or used. For example, as described herein, ▮▮▮▮ logs the IP addresses from which users access their accounts along with the time and date. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the account access and use relating to the crime under investigation. Such information allows investigators to understand the geographic and chronological context of ▮▮▮▮ access, use, and events relating to the crime under investigation. Additionally, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ This geographic and timeline information may tend to either inculpate or exculpate the ▮▮▮▮ account owner. Last, ▮▮▮▮ account activity may provide relevant insight into the ▮▮▮▮ account owner's state of mind as it relates to the

11

offense under investigation. For example, information on the ████████ account may indicate the owner's motive and intent to commit a crime (e.g., information indicating a plan to commit a crime), or consciousness of guilt (e.g., deleting account information in an effort to conceal evidence from law enforcement).

35.      Therefore, the computers of ████████ are likely to contain all the material described above, including stored electronic communications and information concerning subscribers and their use of ████████ such as account access information, transaction information, and other account information.

## CONCLUSION

36.      Based on the forgoing, I request that the Court issue the proposed search warrant.

37.      Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

38.      Because the warrant will be served on ████████ who will then compile the requested records and information at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

████████████████████████████

Federal Bureau of Investigation

APR 04 2018

Subscribed and sworn to before me on _____, 201___

_____

UNITED STATES MAGISTRATE JUDGE

DEBORAH A. ROBINSON
U.S. MAGISTRATE JUDGE

12

## Annex

**Relevant Provisions**





AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information Associated with the ▇▇▇▇ account associated with<br>▇▇▇▇▇▇▇▇ that is stored at premises controlled by<br>▇▇▇▇ | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:18–sc–01007
Assigned To : Magistrate Judge Robinson, Deborah A.
Assign. Date : 4/4/2018
Description: Search and Seizure Warrant

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ▇▇▇▇▇▇▇▇▇▇▇▇
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before    April 18, 2018    *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Deborah A. Robinson, United States Magistrate Judge    .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    APR 04 2018    @ 10:56am _____    _____
                                                                 *Judge's signature*

City and state:      Washington, D.C. _____    Deborah A. Robinson, United States Magistrate Judge
                                                              *Printed name and title*

## ATTACHMENT A
### Property to Be Searched

This warrant applies to information associated with the ▮▮▮▮▮ account associated with ▮▮▮▮▮▮▮▮▮▮▮▮▮ that is stored at premises owned, maintained, controlled, or operated by ▮▮▮▮▮ a company headquartered at ▮▮▮▮▮▮▮▮ ▮▮▮▮▮

## **ATTACHMENT B**

### **Particular Things to be Seized and Procedures
to Facilitate Execution of the Warrant**

I.     **Information to be disclosed by** ███████████ **(the "Provider") to facilitate
       execution of the warrant**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any messages, records, files, logs, or other information that have been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A (the "Account"):

(a)    The contents of any available messages or other communication associated with the Account (including, but not limited to, ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████ the source and destination addresses and all IP addresses associated with each message or other communication, the date and time at which each message or other communication was sent, and the size and length of each message or other communication, for the period from ████ to and including, ███████████████

(b)    ███████████████████████████████████████

███████████████████████████████████

███████████████████████████████████

for the period from ███████████ to and including, ███████████████

(c)     All records or other information regarding the identification of the Account, to include full name, physical address, telephone numbers, birthdate, ████████ ████████████████ and other personal identifying information, records of session times and durations, the date on which the Account was created, the length of service, types of services utilized by the Account, the IP address used to register the Account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number), and any account(s) linked by machine cookies ████████ ████████████████████████████████████ ████████

(d)     All records or other information, including ████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████ for the period from ████████ to and including, ████████████

(e)     ███████████████████████████ for the period from ██████████ to ██ and including, ██████████████ and

(f)     All records pertaining to communications between the Provider and any person regarding the Account, including contacts with support services and records of actions taken for the period from ████████ to and including, █████████ ████

The Provider shall deliver the information set forth above via United States mail or courier to: ██████████████████████ Federal Bureau of Investigation, J. Edgar Hoover Building, ████████████████ 935 Pennsylvania Avenue, NW, Washington D.C. 20535-0001 or e-mail to ██████████████████████

3

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of child endangerment and sexual duress offenses in violation of the criminal laws of ████████████████████████████████████████████████ ███████████████ including, for the account or identifier listed on Attachment A (the "Account"), information pertaining to the following matters:

(a) ████████████████████████████████████████████████

or any other communications involving the Account regarding the activity described above, including but not limited to:

    a.   any sexually explicit communication to, from, or in regard to any minor;

    b.  the solicitation of any photographs, videos or other obscene material to, from, or of a minor;

    c.  the sharing or distribution by the Account to or with any other account, website, person, or the public of any photographs, videos, or other obscene image of a minor;

    d.  any communication containing threatening, extortive, coercive, abusive language directed at or involving any minor; and

    e.  any communication regarding the attempted or actual in-person meeting of the Account owner with any minor for the purposes of a sexual encounter.

(b) Evidence indicating how and when the Account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Account owner;

4

(c) The identity of the person(s) who created or used the ████████████ including records that help reveal the whereabouts of such person(s); and

(d) Identification of coconspirators, accomplices, and aiders and abettors in the commission of the above offenses, including in the solicitation or distribution of obscene material involving minors.

5

### III.    Government procedures for warrant execution

The United States government will conduct a search of the information produced by the Provider and determine which information is within the scope of the information to be seized specified in Section II.  That information that is within the scope of Section II may be copied and retained by the United States and shared with appropriate foreign authorities.

Law enforcement personnel will then seal any information from the Provider that does not fall within the scope of Section II and will not further review the information absent an order of the Court.

6