**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In Re Redacted Stored Communications Act, 18 U.S.C. § 2703(a), (c) & (d), Documents Pursuant to Standing Order No. 22-05 (BAH) | **Case No. 25-sc-9999** |

**NOTICE OF FILING REDACTED DOCUMENTS IN RELATION TO 18-sc-01720 UPON CLOSE OF INVESTIGATION**

Pursuant to *Matter of Leopold*, D.D.C. Case No. 13-mc-00712, and Standing Order No. 22-05 (BAH), the government provides this Notice of Filing on the unsealed docket of the attached (see Attachment A) "Redacted Docket Materials," in 18-sc-01720, which consist of redacted versions of the following original docket entries:

- Signed Application for Warrant Pursuant to 18 U.S.C. §§ 2703 and 3512

- Signed Warrant

The items listed above constitute all the relevant documents to be unsealed upon the close of this investigation as set out in *Matter of Leopold*, D.D.C. Case No. 13-mc-00712.   In *Matter of Leopold*, D.D.C. Case No. 13-mc-00712, the Court addressed unsealing of several categories of sealed legal process related to closed investigations: "applications for warrants issued pursuant to the Stored Communications Act ('SCA'), 18 U.S.C. § 2703(a), SCA § 2703(d) orders, pen registers and trap and trace ('PR/TT') devices, *see id.* § 3123, and foreign requests for use of these investigative authorities, pursuant to Mutual Legal Assistance Treaties ('MLATs'), *see id.* § 3512(a)(2)(B)–(C), once those matters are closed."   2020 WL 7481037, ECF 69 at *1 (Dec. 17, 2020).   The Court noted that such unsealing could be accomplished by "fil[ing] redacted versions of any documents . . . on a given docket, and then . . . fil[ing] a motion to unseal the case docket

1

indicating the matter is closed and identifying, by filed document number, the unredacted versions of the government-redacted documents to remain under seal." *Id*. at *3; *see also id*. at *5 (contemplating a government "motion to unseal, indicating that a case is closed and signaling to the Clerk's Office to unseal the case," which motion will "identify each docket entry, *i.e.*, ECF number" to be unsealed, and which should remain sealed).[1]

---

[1] In connection with such unsealing, the D.C. Circuit noted that "the government and court must be able to redact documents in order to protect privacy and law enforcement interests," *Matter of Leopold*, 964 F.3d 1121, 1133 (D.C. Cir. 2020). Specifically, the Court "ORDERED that the government redact the following information" from filings to be unsealed:

> (1) individuals' names, except for the name of a judicial officer who has issued an order;
> (2) dates of birth;
> (3) Social Security numbers;
> (4) financial account numbers;
> (5) telephone numbers;
> (6) street addresses;
> (7) email account addresses; and
> (8) any other information that directly or indirectly identifies the target of, or witness, investigator, informant, or other person of interest in, a criminal investigation, and regardless of whether the investigation ultimately resulted in criminal charges or a criminal conviction.

*See Matter of Leopold*, D.D.C. Case No. 13-mc-00712, ECF No. 71, slip op. at *15-*16 (Feb. 9, 2021). In addition, in its *Matter of Leopold* ruling, the D.C. Circuit recognized that sealing – and thus, by extension, redactions could continue to be appropriate to "protect . . . law enforcement interests." 964 F.3d at 1133.

2

As these documents are hereby filed on the unsealed docket created for purposes of filings

pursuant to *Leopold*, the attached redacted documents are now available to the public.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199


By: _____

Michael Lyness
NJ Bar Number 908452012
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 300
Washington, D.C.   20530
(202) 616-2999 telephone
(202) 514-0080 facsimile
Michael.Lyness@usdoj.gov

3

# ATTACHMENT

# A

*Redacted Docket Materials*

AO 106 (Rev. 06/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

### for the

District of (

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

INFORMATION ASSOCIATED WITH ██████ ACCOUNTS ██████ THAT IS STORED AT

PREMISES CONTROLLED BY ██████

Case: 1:18-sc-01720
Assigned To : Harvey, G. Michael
Assign. Date : 5/16/2018
Description: Search and Seizure Warrant

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

located in the ████████████████████████████ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|

See Attached Affidavit in
Support of Search Warrant

The application is based on these facts:

See Attached Affidavit in Support of Search Warrant

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

████████████████████

*Printed name and title*

Sworn to before me and signed in my presence.

Date: MAY 16 2018

City and state: Washington, D.C.

Judge's signature

G. Michael, Harvey, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
███████████ ACCOUNTS
███████████████████████

THAT IS STORED AT PREMISES
CONTROLLED BY ███████████

Case: 1:18-sc-01720
Assigned To : Harvey, G. Michael
Assign. Date : 5/16/2018
Description: Search and Seizure Warrant

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, ███████████ being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with certain accounts that are stored at premises owned, maintained, controlled, or operated by ███████████ an electronic communications provider headquartered at ███████████ The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), 2703(c)(1)(A), and 3512(a), to require ███████████ to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B, using the procedures described in Section III of Attachment B.

2. The information requested in this search warrant is being sought pursuant to a request for assistance ("Request") from ███████████ transmitted to Washington, D.C. on or about ███████████

████ have charged ████████████████████████████████████████ ████████ in connection with the murder of ████████ ("the victim") in violation of the common law of ████████████ A copy of the applicable laws is appended to this affidavit. This Request is made ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████ to execute a request from ████████████

████████████████████████████████████████████████████████

3.    I am a Special Agent with the Federal Bureau of Investigation, and have been since ████ I am currently assigned to ████████████████████████████ ████████████████ My current duties include responding to requests from foreign governments pursuant to Mutual Legal Assistance Treaties, including serving as the affiant on search warrant affidavits, serving search warrants, and reviewing the data received for relevance in compliance with the parameters of the search warrants. My past assignments included conducting investigations related to ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

4.    The facts set forth in this affidavit are based upon information conveyed to the United States via a request made ████████████████ by ████████████████████ and upon my training and experience. This affidavit is intended to show merely that there is

2

sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that a violation of the criminal laws of ████████████ has been committed.  There also is probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of the crime further described in Attachment B.

## JURISDICTION

6.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512 . . . ." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"), § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

7.      This application to execute ████████████ request has been approved and duly authorized by an appropriate official of the Department of Justice, through the Office of International Affairs ("OIA").[1]  *See* 18 U.S.C. § 3512(a).  An OIA attorney has reviewed the request, confirmed that it was submitted by ████████████ in connection with

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B (2015).

3

a criminal investigation and/or prosecution, and authorized the undersigned to file this application.

**PROBABLE CAUSE**

8. According to ███████████████████████ on ███████████████ at approximately ████████ the victim, ███████████████ was stabbed approximately three times with a knife by ███████████████████ A post-mortem examination concluded that the victim died as a result of a stab wound ████████████ The examination also revealed that the victim was stabbed on ████████████████████████████████████

9. CCTV video recorded part of the incident. Specifically, the video footage shows that at about ███████████████ the victim and ███████████████████ entered a ████████ street, and approached ████ and two other individuals who were with ████████████████████ The video footage also shows that the victim was carrying ████████████████████████████████ ████████████ appeared to be in possession of two knives, and ██████ possessed a ████████████ ██████████████████████ The victim and ██████ attempted to run away. While ████████ escaped, ████████████████████ cornered the victim between a parked car and a fence.

10. The video footage then shows ████ thrusting the knives toward the victim, and the two struggling with each other. The victim was able to run away, but was subsequently chased by ████ who was then carrying ████████████ the victim had originally been carrying. As the victim continued to run away, ████████████████████████ narrowly missing the victim. Eventually, ████ stopped chasing the victim and rejoined ████████████████ The video footage shows ████ wiping a knife clean before he, ████████████████ left the area ████████ The victim was able to travel a ways by foot, until he collapsed and succumbed to his injuries.

4



11.    The ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ investigation into the victim's death revealed that, several days prior to the attack on ▮▮▮▮▮▮▮▮ the victim, ▮▮ and several others individuals exchanged a series of ▮▮▮▮ messages reflecting that there was a dispute between the victim and ▮▮ The ▮▮▮▮ messages also revealed other details related to the place, circumstances of, motive of, and planning of the attack. ▮▮▮▮ learned about the dispute and ▮▮▮▮ messages in the following manner:

12.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ told ▮ that ▮ had at some point prior to ▮▮▮▮ made derogatory comments about the victim, including that the victim was ▮▮▮▮▮▮▮▮▮ further claimed to ▮▮ that he had ▮▮▮▮▮▮▮▮ and that he and the victim did not talk to each other anymore. On ▮▮▮▮▮▮ told the victim what ▮ was saying about the victim. ▮▮ also told ▮ that ▮▮▮▮ had been in contact with both ▮ and the victim via ▮▮ a couple days after ▮▮▮▮ during which communications ▮▮ discussed possible arrangements to meet in person with ▮ and the victim separately.

13.    On ▮▮▮▮▮▮ was in the presence of ▮▮▮▮▮▮▮▮ At the time that ▮▮ and ▮▮ were together, ▮ spoke with ▮▮ on the phone, and ▮▮ put ▮ on speakerphone so that the conversation could be heard by ▮▮ During the call, ▮ repeated some of the derogatory comments he had previously made about the victim.

14.    On ▮▮▮▮▮▮ contacted ▮ on ▮▮▮▮▮▮▮ provided a copy of the ▮▮ messages between ▮ and ▮ to ▮ and further confirmed that ▮ contacted ▮ at ▮▮▮▮▮▮▮▮▮ and ▮▮▮▮ was using ▮▮▮▮▮▮▮▮▮▮ The conversation was, in part, as follows:

5



15. ███████████████████████████████ told ███ that ██ was at the victim's apartment on ███████████████████ indicated that, during that time, the victim showed ███ a series of ███████ messages between the victim and ███████████ recalled that the first few messages were about ███ reaching out to the victim, and then the next few messages were about the victim accusing ███ of copying ████████

16. ███ has confirmed from ████████████████████ that on the day of the attack, ████████████ at approximately ███████ and the victim were also in direct contact using ████████████████ Specifically, ███████ told police that ███ sent him screenshots of ████████ conversations between ███ using ████████████████████ and the victim, using ███████████████████████████ provided the screenshots to ████ The ████████ conversation was as follows:

6



17.    ███████ also told ████ that on ████████████ the victim showed ████████ ████████ conversation between the victim and ████████████ While ██████ did not have screenshots or images of the ████████ conversation that the victim showed ████████ recalls the conversation including something along the lines of ████████████████████████████████ ████████████████ further told ████ that ██ had told the victim to not give ████ his (the victim's) address, but rather to tell ████ to go to ████████████ in order to send ████ on a wild good chase.

18.    ████████ who accompanied the victim to the scene of the attack also told police that on ████████████ the victim showed ████ a series of ████████ messages from ████████ ██ and that the victim and ████████ had set up a location to meet up.

19.    The ████ investigation recovered telephone call data that reflects that ████ called the victim at ████████ on ████████████ after which point the CCTV footage captured the attack at approximately ████████

7

20. ▮ has confirmed through the witness testimony, open-source research of the publically-available ▮ materials, including ▮ and finally through the examination of copies of the ▮ messages provided by witnesses, that the victim used ▮ used the ▮ ▮

21. ▮ was arrested on ▮ and charged with murder on ▮ ▮

22. ▮ seized the victim's phone, but have been unable to access the ▮ messages on the phone. ▮ has not been able to locate ▮ phone.

## BACKGROUND CONCERNING ▮

23. Based on my training and experience, I have learned that ▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

24. ▮ asks users to provide basic contact information to ▮ either during the registration process or thereafter. This information may include the user's full name, birth date, contact e-mail addresses, physical address (including city, state, and zip code),

8



25.

26.

27. ███████████ providers such as ████████ typically retain additional information about their users' accounts, such as information about the length of service (including start date), the types of service utilized, and the means and source of any payments associated with the service (including any credit card or bank account numbers). In some cases, ████████ users may communicate directly with ████████ about issues relating to their account, such as technical problems, billing inquiries, or complaints from other users. ████████ providers such as ████████ typically retain records about such communications, including

9

records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications.

28.     Therefore, the computers of ▮▮▮▮ are likely to contain all the materials just described, including stored electronic communications and information concerning subscribers and their use of ▮▮▮▮ such as account access information, transaction information, and ▮▮▮▮▮▮▮▮ Finally, stored electronic data may provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information in an account may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement).

### INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

29.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require ▮▮▮▮ to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B, using the procedures described in Section III of Attachment B.

### CONCLUSION

30.     Based on the forgoing, I request that the Court issue the proposed search warrant.

31.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

10

32.    Because the warrant will be served on ▮▮▮▮▮▮▮ who will then compile the requested records and information at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**MAY 16 2018**

Federal Bureau of Investigation

Subscribed and sworn to before me on _____, 201____



UNITED STATES MAGISTRATE JUDGE

G. MICHAEL HARVEY
U.S. MAGISTRATE JUDGE

11

## Applicable Laws



AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case: 1:18-sc-01720 |
| INFORMATION ASSOCIATED WITH ███████ ACCOUNTS ██████████ THAT IS STORED AT PREMISES CONTROLLED BY ██████ | ) ) ) ) | Assigned To : Harvey, G. Michael<br>Assign. Date : 5/16/2018<br>Description: Search and Seizure Warrant |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     ████████████████████████
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, hereby incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, hereby incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____5/30/18_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___G. Michael Harvey, United States Magistrate Judge___ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:     MAY 16 2018  2:00 pm     _____
*Judge's signature*

City and state:     Washington, D.C.     G. Michael Harvey, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A
### Property to Be Searched

This warrant applies to information associated with the ███████ accounts ████████████

and ███████████ that is stored at premises controlled by ████████████ a company that accepts

service of legal process at ████████████████████████████

2

## ATTACHMENT B

### Particular Things to be Seized and Procedures
### to Facilitate Execution of the Warrant

I.    **Information to be disclosed by** ███████████

To the extent that the information described in Attachment A is within the possession, custody, or control of ███████████ including any messages, records, files, logs, or information that have been deleted but are still available to ███████████ or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), ███████████ is required to disclose the following information to the government for the accounts listed in Attachment A:

(a)    The contents of any available messages sent, received, or deleted by the user(s), as well as all messages in storage under, and associated with, any preservation numbers associated with the accounts, and all headers and originating IP addresses, from ███████████ to and including ███████████ (including, but not limited to, ███████████████████████████████████ ███████████████████████████

(b)    All records or other information regarding the identification of the accounts, to include full name(s), physical address(es), telephone number(s), other identifiers, log-in credentials, ███████████ records of session times and durations, the dates on which the accounts were created, the length of service, the types of all account services utilized or linked to the accounts, the IP address used to register the accounts, log-in IP address(es) associated with session times and dates from ███████████ to and including ███████████ account status, e-mail address(es) provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

(c)　All records or other information stored by individuals using the ▓▓▓▓▓▓▓ accounts listed in Attachment A, dating from ▓▓▓▓▓▓▓ to and including ▓▓▓▓▓▓▓ including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

(d)　All records pertaining to communications between ▓▓▓▓ and any person regarding the ▓▓▓▓ accounts listed in Attachment A, including contacts with support services and records of actions taken.

The Provider shall deliver the information set forth above via United States mail or courier to: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Federal Bureau of Investigation, J. Edgar Hoover Building, ▓▓▓▓▓▓▓▓▓ 935 Pennsylvania Ave., NW, Washington D.C. 20535-0001; or via e-mail to ▓▓▓▓▓▓▓▓▓▓▓

2

## II.   Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of criminal laws of ███████████████████████ ████████████████████████████████ for the accounts or identifiers listed on Attachment A, including information pertaining to the following matters:

(a) ████████████████████████████████████████████████ ████████ or any other communications involving the Accounts regarding the activity described above, including (i) any available communications between ████████████████████████ and (ii) any records, including communications between ████████████████ and other ████████ accounts regarding the motive, planning, facilitation, or commission of any act relating to the murder of the victim, and/or any actions taken to evade law enforcement authorities, flee, destroy evidence, or otherwise avoid criminal prosecution;

(b) Records showing the transmittal or receipt of items listed in II(a) of Attachment B, where the content of the transmission may no longer exist, but the record does;

(c) ████████████████████████████████████████████████ ████████ or any other communications involving the Accounts which tend to corroborate or contradict the information provided by witnesses to ████████ as outlined in the affidavit;

(d) Evidence indicating how, when, and where the Accounts were accessed or used, to determine the chronological and geographic context of the accounts access, use, and events relating to the crime under investigation and to the Accounts' owners;

3

(e) Evidence indicating the state of mind of the owner(s) of the Account, *e.g.* intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

(f) The identity of the person(s) who created or used the ███████ accounts, including records that help reveal the whereabouts or location of such person(s); and

(g) Identification of coconspirators, accomplices, and aiders and abettors in the commission of the above offenses.

4

### III.    Government procedures for warrant execution

The United States government will conduct a search of the information produced by ███████████ and determine which information is within the scope of the information to be seized specified in Section II. That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from ███████████ that does not fall within the scope of Section II and will not further review the information absent an order of the Court.

5